IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN L. BURKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-00337-MEF-TFM |
| | ) |
| DAVE SUTTON, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR DISCOVERY**

COME NOW Coffee County Sheriff Dave Sutton, Coffee County Jail Administrator, Richard Moss, and Coffee County Deputy Sheriff, Glenn Shelton, Defendants in the above-referenced case, and submit this Opposition to the Plaintiff's Motion for Discovery in the above-referenced matter. As grounds therefor, Defendants set down and assign the following:

1. On April 10, 2007, Plaintiff filed his Complaint with this Court, naming Dave Sutton, the Coffee County Sheriff, Richard B. Moss, the Coffee County Jail Administrator, and Glenn Shelton, a Coffee County Deputy Sheriff. (Doc. 1.)

2. On April 24, 2007, the Court ordered Defendants to file a Special Report. (Doc. 3.) On June 1, 2007, the Court granted the Defendants' Motion for Extension of Time (Doc. 8.) and extended the time for the filing of a Special Report to July 13, 2007. (Doc. 9.)

3. On July 13, 2007, Sheriff Sutton, Administrator Moss, and Deputy Shelton filed their Special Report and Answer. (Docs. 12, 13.)

4. On July 16, 2007, this Court entered an Order requiring the Plaintiff to file a response to the Defendants' Special Report. (Doc. 14.) In that Order, this Court directed the Plaintiff to "specifically address Defendants' argument that he has failed to exhaust his

administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA)." (Doc. 14.) To that effect, this Court stated, "Plaintiff is advised that if he asserts compliance with the jail's grievance procedures he must submit ***relevant evidentiary materials*** in support of this assertion showing that he has complied with the steps of the grievance procedure. His mere conclusory allegation of exhaustion will be insufficient to defeat Defendants' argument." (Doc. 14, emphasis added.)

5.     This Court's July 16, 2007 Order ***did not*** give the Plaintiff leave to conduct discovery; rather, it order the Plaintiff to show that he has complied with the PLRA's exhaustion requirement "not [] only his or her unsworn pleadings but … by filing sworn affidavits, or other evidentiary materials." (Doc. 14.)

6.     Section 1997e(a) of the PLRA provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added)  Failure to comply with the exhaustion requirement of the PLRA is mandatory for both the inmate and the District Court. Woodford v. Ngo, ___ U.S. ___; 126 S. Ct. 2378, 2382 (2006) (unpublished opinion) ("Exhaustion is no longer left to the discretion of the district court, but is ***mandatory***") (emphasis added); Isaac v. Donald, 211 Fed. App'x 859, 861 (11th Cir. 2006) ("As the Supreme Court has observed, an invigorated exhaustion requirement is a centerpiece of the PLRA's effort to reign in the quantity of prisoner suits.  Woodford[], [citation omitted].  Exhaustion is left to the discretion of neither the complaining prisoner nor the district court; ***exhaustion is mandatory***.  See id.; Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 2978, 165 L.Ed.2d 988 (2006).") (emphasis added).

7.     The Plaintiff does not dispute that he has failed to exhaust the administrative

2

remedies available to him through the Coffee County Jail grievance procedure before bringing this action, in violation of the minimum requirements of the PLRA.

8.  Dismissing a claim for failure to comply with the exhaustion requirement of § 1997e(a) is a prerequisite to consideration of the claim on its merits, and discovery on the merits of a claim is impermissible when the claim must be dismissed under the PLRA. <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 n.2 (11th Cir. 2006) ("District courts should first consider whether the PLRA bars a prisoner plaintiff's suit prior to rendering a decision on the merits"); <u>Howard v. Henderson</u>, 2006 WL 20511, *5 (M.D. Fla. 2006) ("Because § 1997e(a) makes exhaustion a precondition to suit, the defect in the complaint cannot be cured by amendment or discovery").

9.  The Plaintiff's Motion for Discovery seeks a copy of any policy regarding the handling of riots, including the date the policy was implemented, and the signature of the person who approved the policy; the name and address of the company that provides the video surveillance equipment; a copy of any videotape of Cell Block 2 one hour prior to the riot at issue in this case, during, and one hour after the riot at issue in this case, including still shots from that video, video and still shots of all persons involved in the riot at issue in this case, the name and title of the person that destroyed the tape if it was destroyed, and the policy that provides for destruction of videotapes made at the Coffee County Jail; a copy of the training procedure used by the Coffee County Sheriff's Department for the use of bean-bag rounds, including where the training took place, the names of the employees that participated in the training; and the names of the individuals conducting the training; a copy of the medical report of Dr. Henry Cochran, a list of all medications prescribed to the Plaintiff, the dosage, and the time and date they were prescribed; a copy of any policy of the Coffee County Jail for administering medications to inmates, including any documents pertaining to how an inmate may request their medication and any list that inmates sign when they receive their medication; a copy of the

3

Plaintiff's medical records from Kilby Correctional Facility from the date of the Plaintiff's admission until present, including any psychological reports performed by staff or other mental health providers; a copy of any disciplinary reports involving the Plaintiff from the Coffee County Jail; and a copy of all the disciplinary reports written for all the inmates involved in the jail riot at issue in this case.

10.     The discovery sought by the Plaintiff in his Motion for Discovery pertains to the merits of his claims, not to the dispositive issue, whether he exhausted all administrative remedies available to him at the Coffee County Jail. This discovery is outside the scope of the evidence that this Court requested in its July 16, 2007 Order and would have no bearing upon this Court's consideration of the preliminary issue of the Plaintiff's compliance with the mandatory requirements of the PLRA. The discovery requested, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

11.     Furthermore, all three of the individual Defendants have raised the defense of qualified immunity in their previously filed motions to dismiss.

12.     Immunity is not just a defense, it is an entitlement not to stand trial. Mitchell v. Forsyth, 472 U.S. 511, 525 (1985). "The entitlement not to stand trial or face the other burdens of litigation provided by the doctrines of absolute immunity and qualified immunity is effectively lost if a case is erroneously allowed to go to trial." Rich v. Dollar, 841 F.2d 1558, 1560 (11th Cir. 1988) (citing Mitchell, 472 U.S. at 525)). "The doctrine of qualified immunity was developed to defray the social costs of litigation against government officials. Harbert Intern., Inc. v. James, 157 F.3d 1271, 1281 (11th Cir. 1998) (emphasis original) (citing Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982) ("These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office")).

13. If the Defendants are required to respond to the Plaintiff's discovery prior to the Court's ruling on their motions to dismiss, they will have effectively lost the protection of absolute immunity as they will have incurred the costs and expenses they were entitled to avoid altogether. Harlow, 457 U.S. at 814; James, 157 F.3d at 1281.

WHEREFORE, PREMISES CONSIDERED, Coffee County Sheriff Dave Sutton, Coffee County Jail Administrator, Richard Moss, and Coffee County Deputy Sheriff, Glenn Shelton respectfully request that this Court deny the Plaintiff's Motion for Discovery.

Respectfully submitted this 9th day of August, 2007.

> **s/Joseph L. Hubbard, Jr.**
> GARY L. WILLFORD, JR., Bar No. WIL198
> JOSEPH L. HUBBARD, JR., Bar No. HUB015
> Attorneys for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  jhubbard@webbeley.com

### CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of August, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Shawn Burks
> Elmore Correctional Facility
> P. O. Box 8
> Elmore, Alabama  36025

> **s/Joseph L. Hubbard, Jr.**
> OF COUNSEL