IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN L. BURKS, #188755 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVE SUTTON, SHERIFF, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:07-cv-337-MEF-TFM |

**DEFENDANTS' REPLY TO PLAINTIFF'S REPONSE TO
DEFENDANTS' SPECIAL REPORT**

COME NOW Sheriff Dave Sutton, Capt. Richard B. Moss, and Deputy Sheriff Glenn Shelton, the Defendants in the above-styled cause, and submit their Reply to Plaintiff's Response to their Special Report and state as follows:

1. In Plaintiff's Response to Defendants' Special Report, he contends that he filed a grievance prior to filing his Complaint. (Doc. 21, pp. 2-3.) However, under the policy of the Coffee County Jail, a copy of any grievance submitted by an inmate is placed in that inmate's file. (Supplemental Affidavit of Richard B. Moss, "Supp. Moss Aff.," ¶ 4.) Additionally, under the policy of the Coffee County Jail, an inmate should not, under any circumstances, be provided a copy of a grievance after he has submitted it. (Supp. Moss Aff. ¶ 3.)

2. The Plaintiff never submitted a grievance form arising out of the incidents alleged in his Complaint, and there is no copy of any such grievance form in the Plaintiff's inmate file. (Supp. Moss Aff. ¶ 5; Ex. F to Doc. 12, Affidavit of Richard B. Moss, "Moss Aff.," ¶ 15.)

3. Here, the grievance submitted as Exhibit A to the Plaintiff's Response to Defendants' Special Report could not have been submitted to Jail Administrator, because there is

no copy of any grievance in the Plaintiff's inmate file, and because, had the Plaintiff submitted this grievance, he would not have had a copy of that grievance to submit to this Court.

4. The Plaintiff alleges that, after reviewing the videotape of the riot, Administrator Moss told the Plaintiff that Deputy Shelton was "wrong" to use the bean-bag round in those circumstances. (Doc. 21, p. 2.) There was never any videotape of the March 3, 2007, riot, from which Administrator Moss could have determined whether Deputy Shelton's use of force was proper under the circumstances. (Supp. Moss. Aff. ¶ 1.)

5. The only conversation that Administrator Moss had with the Plaintiff at Dr. Cochran's office regarding the incidents alleged in the Plaintiff's Complaint was when the Plaintiff apologized to Administrator Moss, saying, "Captain Moss, if I would have just got on my bunk and stayed there, none of this would have happened to me." (Moss Aff., ¶ 27.)

6. The Plaintiff further alleges that he was denied the medication prescribed for his injuries on March 5, 2007. (Doc. 21, p. 2.) However, Dr. Henry Cochran, the medical professional who treated the Plaintiff on March 5, 2007, testified that he did not prescribe the Plaintiff any medication, but only prescribed moist heat to aid in resolution of the bruise. (Ex. H to Doc. 12, Declaration of Henry Cochran, "Cochran Dec.," ¶¶ 7-8.)

7. In Exhibit B to Plaintiff's Response to Defendants' Special Report, the Plaintiff appears to complain of medical problems that he associates with a "shotgun blast to the stomach." However, the medical provider at Prison Health Services only took the Plaintiff's vitals and did not make any findings, prescribe any treatment, or refer the Plaintiff to any other medical professional for his alleged medical problems. (Doc. 21, Ex. B.)

Respectfully submitted this 6th day of September, 2007.

        **s/Joseph L. Hubbard, Jr.**
GARY L. WILLFORD, JR., Bar No. WIL198
JOSEPH L. HUBBARD, JR., Bar No. HUB015
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: jhubbard@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 6th day of September, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

    Shawn Burks
    Elmore Correctional Facility
    P. O. Box 8
    Elmore, Alabama 36025

        **s/Joseph L. Hubbard, Jr.**
        OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN L. BURKS, #188755 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-337-MEF-TFM |
| ) | |
| DAVE SUTTON, SHERIFF, et al., ) | |
| ) | |
| Defendants. ) | |

### SUPPLEMENTAL AFFIDAVIT OF RICHARD B. MOSS

STATE OF ALABAMA )
                               )
COUNTY OF COFFEE )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Richard B. Moss, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. There was never any videotape of the jail riot on March 3, 2007.

2. Inmates are provided grievance forms upon request.

3. At the time of the incidents alleged in Mr. Burk's Complaint, it was the policy of the Coffee County Jail that an inmate should not, under any circumstances, be provided a copy of a grievance after he has submitted it.

4. It is the policy of the Coffee County Jail that if any grievance is submitted by an inmate, a copy of the grievance must be placed in his inmate file.

5. There is no copy of any completed grievance form in the inmate file of Shawn Burks that involves any incidents that occurred on March 3, 2007.

1

6. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Executed on this the 6th day of September, 2007.

_____
Richard B. Moss

**SWORN TO** and **SUBSCRIBED** before me this 6th day of September, 2007.

_____
NOTARY PUBLIC

My Commission Expires: 2-15-09