IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN L. BURKS, #188755 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-337-MEF-TFM |
| ) | |
| DAVE SUTTON, SHERIFF, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' SUPPLEMENTAL REPLY TO PLAINTIFF'S REPONSE TO DEFENDANTS' SPECIAL REPORT

COME NOW Sheriff Dave Sutton, Capt. Richard B. Moss, and Deputy Sheriff Glenn Shelton, the Defendants in the above-styled cause, and submit this supplement to their Reply to Plaintiff's Response to their Special Report.

### INTRODUCTION

On July 13, 2007, the Defendants filed their Special Report and Answer to the Plaintiff's *pro se* Complaint.  (Docs. 12, 13.)  On July 16, 2007, this Court ordered the Plaintiff to file a Response to the Defendants' Special Report.  (Doc. 14.)  On July 24, 2007, the Plaintiff filed a Motion for Extension of Time, which the Court granted on July 26, 2007.  (Docs. 15, 16.)  On September 4, 2007, the Plaintiff filed his Response, and on September 6, 2007, the Defendants filed their Reply to the Plaintiff's Response.  (Docs. 21, 23.)

In his Response, the Plaintiff attempts to sidestep his failure to comply with the Coffee County Jail's grievance procedures by attaching a document that purports to be a grievance, which the Plaintiff alleges he submitted.  However, the Plaintiff has provided nothing to indicate when, or if, he filed this grievance with the Coffee County Jail, nor has he properly authenticated the document, as the Court's July 16, 2007, Order requires.  The other allegations in the

Response do not address the numerous grounds in the Defendant's Special Report that entitle them to a summary judgment.

## ARGUMENT

This Court's July 16, 2007, Order provided, "If documents are referenced in opposing affidavits and have not been previously filed with the Court, sworn or certified copies of those papers must be attached to the affidavits or served with them." (Doc. 14, p. 3.) Attached to his Response, the Plaintiff submitted documents that he asserts support the claims he attempts to allege in his Complaint and his contention that he has complied with the mandatory exhaustion requirement of § 1997e(a) of the PLRA. The Plaintiff failed to attach any sworn statement verifying that these documents are true and correct copies of the documents they purport to be. None of these documents are self-authenticating, as provided by Rule 902 of the Federal Rules of Evidence. Accordingly, these documents have not been properly authenticated as required by the Federal Rules of Evidence and this Court's July 16, 2007, Order and should not be considered by the Court in ruling on the Defendants' Motion for Summary Judgment.

In Plaintiff's Response to Defendants' Special Report, he contends that he filed a grievance prior to filing his Complaint. (Doc. 21, pp. 2-3.) However, under the policy of the Coffee County Jail, a copy of any grievance submitted by an inmate is placed in that inmate's file. (Exhibit A to Doc. 23, Supplemental Affidavit of Richard B. Moss, "Supp. Moss Aff.," ¶ 4.) Additionally, under the policy of the Coffee County Jail, an inmate should not, under any circumstances, be provided a copy of a grievance after he has submitted it. (Supp. Moss Aff. ¶ 3.) However, the Plaintiff never submitted a grievance form arising out of the incidents alleged in his Complaint, and there is no copy of any such grievance form in the Plaintiff's inmate file. (Supp. Moss Aff. ¶ 5; Ex. F to Doc. 12, Affidavit of Richard B. Moss ¶ 15.) Accordingly, the grievance submitted as Exhibit A to the Plaintiff's Response to Defendants' Special Report could

not have been submitted to Jail Administrator, because there is no copy of any grievance in the Plaintiff's inmate file, and because, had the Plaintiff submitted this grievance, he would not have had a copy of that grievance to submit to this Court.

In his Response, the Plaintiff alleges that, after reviewing the videotape of the riot, Administrator Moss told the Plaintiff that Deputy Shelton was "wrong" to use the bean-bag round in those circumstances. (Doc. 21, p. 2.) There was never any videotape of the March 3, 2007, riot, from which Administrator Moss could have determined whether Deputy Shelton's use of force was proper under the circumstances. (Supp. Moss. Aff. ¶ 1.) The only conversation that Administrator Moss had with the Plaintiff at Dr. Cochran's office regarding the incidents alleged in the Plaintiff's Complaint was when the Plaintiff apologized to Administrator Moss, saying, "Captain Moss, if I would have just got on my bunk and stayed there, none of this would have happened to me." (Moss Aff. ¶ 27.) In his Response, the Plaintiff further alleges that he was denied the medication prescribed for his injuries on March 5, 2007. (Doc. 21, p. 2.) However, Dr. Henry Cochran, the medical professional who treated the Plaintiff on March 5, 2007, testified that he did not prescribe the Plaintiff any medication, but only prescribed moist heat to aid in resolution of the bruise. (Ex. H to Doc. 12, Declaration of Henry Cochran ¶¶ 7-8.)

In Exhibit B to Plaintiff's Response to Defendants' Special Report, the Plaintiff appears to complain of medical problems that he associates with a "shotgun blast to the stomach." However, the medical provider at Prison Health Services only took the Plaintiff's vitals and did not make any findings, prescribe any treatment, or refer the Plaintiff to any other medical professional for his alleged medical problems. (Doc. 21, Ex. B.)

As set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment on all Plaintiff's claims because the Plaintiff has failed to establish a constitutional

violation and because he cannot show that there existed any clearly established law that would give the Defendants fair warning that their conduct was unlawful.

The Plaintiff has failed to dispute that he sustained any injury that was greater than *de minimus* as a result of any of his allegations. The absence of injury acts as a bar to relief pursuant to the Prison Litigation Reform Act. Further, the absence of more than a *de minimus injury* bars the Plaintiff's claims even without the application of the Prison Litigation Reform Act. See Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006).

In his Response, the Plaintiff has not disputed that he has failed to allege any wrongdoing or causal connection with regard to Sheriff Sutton or Administrator Moss as to the claims the Plaintiff alleged in his Complaint. Accordingly, all claims against Sheriff Sutton and Administrator Moss are due to be dismissed as a matter of law. Swint v. City of Wadley, 51 F. 3d 988 (11th Cir. 1995); Zatler v. Wainwright, 802 F. 2d 397, 401 (11th Cir. 1986).

## CONCLUSION

Because the Plaintiff has not met his burden in overcoming the Defendants' Qualified Immunity defense or showing that he met the requirements of the Prison Litigation Reform Act, as set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment in their favor.

Respectfully submitted this 13th day of September, 2007.

                              **s/Joseph L. Hubbard, Jr.**
                              GARY L. WILLFORD, JR., Bar No. WIL198
                              JOSEPH L. HUBBARD, JR., Bar No. HUB015
                              Attorneys for Defendants
                              WEBB & ELEY, P.C.
                              7475 Halcyon Pointe Drive (36117)
                              Post Office Box 240909
                              Montgomery, Alabama  36124
                              Telephone:  (334) 262-1850
                              Fax:  (334) 262-1889
                              E-mail:  jhubbard@webbeley.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 13th day of September, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

      Shawn Burks
      ASI 188755
      Elmore Correctional Facility
      P. O. Box 8
      Elmore, Alabama  36025

      **s/Joseph L. Hubbard, Jr.**
      OF COUNSEL